NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAQUAN REDDICK, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS O. HICKS, et al., <br><br> Defendants. | Civil Action No. 22-6926 (ZNQ) (RLS) <br><br> OPINION |

**QURAISHI, District Judge**

Plaintiff Jaquan Reddick, a former inmate of Mercer County Correctional Center ("MCCC") in Mercer County, New Jersey, is proceeding with a civil rights complaint pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. §§ 10:6-1 to 10:6-2. (Compl., ECF No. 2-1.) Before the Court is Defendants New Jersey Department of Corrections ("NJDOC") and Marcus O. Hicks' (the "State Defendants") motion to dismiss. (Mot., ECF No. 6.) Defendants County of Mercer and Charles Ellis (the "County Defendants") join the motion in part. (*See* County Defs.' March 7, 2023 Letter, ECF No. 16; Mar. 8, 2023 Order, ECF No. 17.) Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court will: (1) grant the Motion in part as to the State Defendants' argument that the NJDOC and Defendant Hicks in his official capacity are not "persons" subject to liability within the meaning of Section 1983 and the NJCRA and as to the County Defendants' argument that the Complaint engages in improper "group pleading"; (2) deny the Motion in part without prejudice as to Defendants' remaining arguments; (3) dismiss with

prejudice the claims against Defendants NJDOC and Defendant Hicks in his official capacity; and (4) dismiss without prejudice the remainder of the Complaint.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

This case arises from Plaintiff's contraction of COVID-19 while incarcerated at the MCCC in May 2020. (Compl. ¶¶ 11–12.) Plaintiff names the County of Mercer, MCCC, Mercer County Sheriff's Office, New Jersey Department of Corrections, Charles Ellis, John Kemler, Marcus Hicks, and several unspecified individuals and corporations as defendants. (*Id.* at 1.)

According to Plaintiff, the Defendants, collectively, failed to follow proper COVID-19 protocols and CDC guidance regarding COVID-19, failed to develop, implement, and/or enforce policies and procedures to prevent the spread of COVID-19, and failed to properly train and/or supervise guards, staff, and/or other employees in the proper procedures to prevent the spread of COVID-19. (*Id.* ¶¶ 15–16, 23, 25.) Moreover, Plaintiff contends that the Defendants failed to provide adequate medical attention and/or treatment to Plaintiff, failed to properly train and/or supervise guards, staff, and/or other employees to provide proper medical attention and/or treatment to individuals infected with COVID-19, and failed to implement and/or enforce policies and procedures to provide adequate medical attention and/or treatment to Plaintiff and other inmates who contracted COVID-19. (*Id.* ¶¶ 22–24.)

Plaintiff initiated this matter in state court on April 29, 2022 by filing a complaint in the Superior Court of New Jersey, Mercer County. (*See* Compl.) The complaint asserts a single count alleging that the Defendants violated Plaintiff's rights to due process, equal protection, to be free from cruel and unusual punishment, and other rights, privileges, and immunities secured by the Constitution of the United States, the New Jersey State Constitution, the New Jersey Civil Rights Act, and/or the laws of the State of New Jersey. (*Id.* ¶¶ 38–43.) On July 22, 2022, the Superior

2

Court dismissed Defendants MCCC, Mercer County Sheriff's Office, and John Kemler from the matter. (ECF No. 2-7.)

On December 1, 2022, the Defendants removed the matter to this Court. (Notice of Removal, ECF No. 1.) Thereafter, the State Defendants filed the instant motion to dismiss on December 29, 2022. (*See* Mot.) On March 8, 2023, the County Defendants joined part of the motion. (*See* County Defs.' March 7, 2023 Letter.) Plaintiff submitted a brief in opposition on May 26, 2023. (Pl.'s Opp'n, ECF No. 28.) The State and County Defendants submitted a reply brief on June 8th and 9th, 2023, respectively. (Defs.' Reply Brs., ECF Nos. 29–30.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   DISCUSSION

In the Motion, the State Defendants contend that: (i) the Court should dismiss the Complaint because it fails to plead sufficient facts to show that the State Defendants are responsible for the MCCC or Mercer County employees; (ii) the State Defendants are not subject to liability under Section 1983 or the NJCRA;[1] (iii) the Complaint otherwise fails to plead sufficient facts to state a claim against them; and (iv) Plaintiff's claim for damages should be dismissed because they are entitled to qualified immunity. (*See* Mot.)  The County Defendants join the motion as to Points III and IV. (*See* County Defs.' March 7, 2023 Letter; County Defs.' Reply Br. 4, ECF No. 30.)  Moreover, the County Defendants further argue that the Complaint

---

[1]   Although the title of this argument contends that Plaintiff fails to plead sufficient facts to establish the State Defendants' personal involvement, the Court construes the substance of the argument to contend that the State Defendants are not subject to liability under Section 1983 or the NJCRA.

utilizes improper "group pleading." (*See* County Defs.' Reply Br. 4–6.)

      **A.    Whether the State Defendants are Persons Within the Meaning of Section 1983 and the NJCRA**

As an initial matter, the Court first addresses the State Defendants' argument that they are not subject to liability under Section 1983 or the NJCRA. Specifically, the State Defendants contend that the NJDOC and Defendant Hicks in his official capacity are not "persons" within the meaning of Section 1983 or the NJCRA.

Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id.* It is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Likewise, the NJCRA "premise[s] liability on the conduct of a 'person.'" *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014) (quoting *Lopez-Siguenza v. Roddy*, No. 13-2005, 2014 WL 1298300, at *7 (D.N.J. Mar. 31, 2014). Accordingly, "New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will* that, for purposes of § 1983, states and state officials acting in their official capacity are not amenable to suit." *Id.*; *see Didiano v. Balicki*, 488 F. App'x 634, 638 (3d Cir. 2012) (affirming district court order granting summary judgment on plaintiff's NJCRA claims against the State and state officials acting in their official capacity because the New Jersey Code's definition of "person" does not include the State or defendants which are the functional equivalent of the State).

Here, the Complaint asserts Section 1983 and NJCRA claims against the NJDOC and Defendant Hicks in his official capacity. As those parties are arms of the State or the functional equivalent of the State, they are not "persons" within the meaning of Section 1983 or the NJCRA, and the Court dismisses those claims against them with prejudice.

### B.    Whether the Complaint Utilizes Improper "Group Pleading"

Next, the Court addresses the argument that the Complaint utilizes improper "group pleading."

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that, in determining whether a pleading meets Rule 8's "plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted).

In this regard, the Court has consistently held that "a complaint may not indiscriminately attribute wrongdoing to a group of defendants, leaving [the defendants] to guess as to who allegedly did what[.]" *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020) (collecting cases). Thus, when a plaintiff names numerous defendants in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original).

Here, the Complaint asserts due process, equal protection, and cruel and unusual punishment claims arising from distinct alleged acts – failure to provide adequate medical care, failure to train, failure to implement adequate policies – against a variety of defendants without identifying the discrete acts of each defendant. Rather, the Complaint lumps together all the allegations against unspecified corporations, John/Jane Doe defendants, the former commissioner of the NJDOC, the Warden of the MCCC, and Mercer County, leaving the Defendants and the Court to "guess as to who allegedly did what." *Yu-Chin Chang*, 2020 WL 473649, at *3. Accordingly, the Court dismisses without prejudice the remainder of the Complaint in its entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### C. Defendants' Remaining Arguments

Having dismissed the entirety of the Complaint for the reasons stated above, the Court need not address Defendants' remaining arguments at this time. Accordingly, the Court denies the remainder of Defendants' motion without prejudice as moot.

## IV. CONCLUSION

For the reasons above, the Court will: (1) grant the Motion in part as to the State Defendants' argument that the NJDOC and Defendant Hicks in his official capacity are not "persons" subject to liability within the meaning of Section 1983 and the NJCRA and as to the County Defendants' argument that the Complaint engages in improper "group pleading"; (2) deny the Motion in part without prejudice as to Defendants' remaining arguments; (3) dismiss with prejudice the claims against Defendants NJDOC and Defendant Hicks in his official capacity for failure to state a claim for relief; and (4) dismiss without prejudice the remainder of the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  An appropriate order follows.

Date: July 18, 2023

                                                    s/ Zahid N. Quraishi  
                                                    **ZAHID N. QURAISHI**  
                                                    **UNITED STATES DISTRICT JUDGE**