NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAQUAN REDDICK,

          Plaintiff,

   v.

MARCUS O. HICKS, et al.,

          Defendants.

Civil Action No. 22-6926 (ZNQ) (RLS)

OPINION

**QURAISHI, District Judge**

      Plaintiff Jaquan Reddick is proceeding with a civil rights complaint pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. §§ 10:6-1 to 10:6-2. (Compl., ECF No. 2-1.) Before the Court is Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Mot., ECF No. 33.) Defendants County of Mercer and Charles Ellis submitted an opposition brief. (*See* Opp'n Br., ECF No. 34.) Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court will grant the Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

      This case arises from Plaintiff's contraction of COVID-19 while a pretrial detainee at the MCCC in May 2020. (Compl. ¶¶ 11–12.) Plaintiff names the County of Mercer, MCCC, Mercer County Sheriff's Office, New Jersey Department of Corrections ("NJDOC"), Charles Ellis, John Kemler, Marcus Hicks, and several unspecified individuals and corporations as defendants. (*Id.* at 1.)

According to Plaintiff, the Defendants failed to follow proper COVID-19 protocols and CDC guidance regarding COVID-19, failed to develop, implement, and/or enforce policies and procedures to prevent the spread of COVID-19, and failed to properly train and/or supervise guards, staff, and/or other employees in the proper procedures to prevent the spread of COVID-19.  (*Id.* ¶¶ 15–16, 23, 25.)  Moreover, Plaintiff contends that the Defendants failed to provide adequate medical attention and/or treatment to Plaintiff, failed to properly train and/or supervise guards, staff, and/or other employees to provide proper medical attention and/or treatment to individuals infected with COVID-19, and failed to implement and/or enforce policies and procedures to provide adequate medical attention and/or treatment to Plaintiff and other inmates who contracted COVID-19.  (*Id.* ¶¶ 22–24.)

Plaintiff initiated this matter in state court on April 29, 2022 by filing a complaint in the Superior Court of New Jersey, Mercer County.  (*See* Compl.)  The Complaint asserts a single count alleging that the Defendants violated Plaintiff's rights to due process, equal protection, to be free from cruel and unusual punishment, and other rights, privileges, and immunities secured by the Constitution of the United States, the New Jersey State Constitution, the New Jersey Civil Rights Act, and/or the laws of the State of New Jersey.  (*Id.* ¶¶ 38–43.)  On July 22, 2022, the Superior Court dismissed Defendants MCCC, Mercer County Sheriff's Office, and John Kemler from the matter.  (ECF No. 2-7.)

On December 1, 2022, the Defendants removed the matter to this Court.  (Notice of Removal, ECF No. 1.)  Thereafter, the Defendants filed a motion to dismiss on December 29, 2022. (*See* Mot. to Dismiss, ECF No. 6.)

On July 18, 2023, the Court granted in part and denied in part Defendants' motion to dismiss. (July 18, 2023 Op., ECF No. 31; July 18, 2023 Order, ECF No. 32.)  The Court dismissed

with prejudice Plaintiff's claims against the NJDOC and Defendant Hicks in his official capacity. (*See* July 18, 2023 Order.)  The Court dismissed the remainder of the Complaint without prejudice in its entirety for failure to comply with Fed. R. Civ. P. 8.  (*See id.*)  The Order, however, did not expressly provide for leave to amend within a specified timeframe.  (*See id.*)

On August 14, 2023, Plaintiff filed the instant Motion.  (*See* Mot.)  Defendants submitted an opposition brief on August 28, 2023.  (*See* Opp'n Br.)

## II. LEGAL STANDARD

Under Rule 59(e), a party may move to "alter or amend a judgment . . . no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e).  A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).  The provisions of Rule 59(e) apply to final judgments only, not interlocutory orders.  *Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017).

## III. DISCUSSION

As an initial matter, because the statute of limitations has run on Plaintiff's cause of action and the July 18, 2023 Order dismissing the matter without prejudice did not provide an opportunity to amend, the Order, as currently written, constitutes a final judgment. *See Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005).  Thus, Plaintiff's Motion seeking to alter or amend that Order pursuant to Rule 59(e) is appropriate under the circumstances. *Butch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011) ("After a final judgment is entered, Rules 59(e) and 60(b) provide a window to seek to reopen the judgment and amend the complaint.").

Here, Plaintiff argues that the Court should grant the Motion in order to prevent a manifest

injustice because the July 18, 2023 Order did not expressly provide an opportunity to amend upon dismissing the matter without prejudice. (*See* Mot. 3.) He seeks an order "that the Judgment entered on July 18, 2023, shall be and is hereby amended and the matter [is] hereby restored to the active calendar" and "that Plaintiff shall file a First Amended Complaint within twenty (20) days of the date of this Order." (*See* Proposed Order, ECF No. 33-2.)

In their opposition, Defendants argue that "Plaintiff points to no law that requires this Court to give leave to amend with the July 18th Order." (Opp'n Br. 7.) Defendants further argue that Plaintiff is not entitled to relief under Rule 59(e) because he was on notice of the Complaint's deficiencies before the Court dismissed the Complaint but failed to amend the Complaint pursuant to Rule 15. (*Id.*)

In reviewing this case, the Court notes that it was not its intention that the July 18, 2023 Order be final. Rather, the Order and its accompanying Opinion contemplated granting Plaintiff leave to amend, (*see* July 18, 2023 Op. 7 (declining to consider Defendants' remaining arguments in their motion to dismiss *at this time* and denying them *without prejudice*)), but the Order did not expressly memorialize that result. Moreover, the Third Circuit has held that, in civil rights cases, "leave to amend must be given" where "a deficiency in a complaint could be cured by amendment but leave to amend is not sought." *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000); *see also Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (suggesting that a district court should "expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time" when dismissing a civil rights complaint for failure to state a claim).

Accordingly, to prevent a manifest injustice, and, in line with the practice set forth in *Borelli*, the Court will grant Plaintiff's motion and amend the July 18, 2023 Order to grant Plaintiff leave to amend the Complaint within twenty days of the date of entry of the Order accompanying

this Opinion. If Plaintiff does not submit an amended complaint within twenty days, the Proposed Amended Complaint (ECF No. 33-4) shall be the operative pleading in this matter. Defendants may answer or otherwise respond within forty-one days after the date of entry of the Order accompanying this Opinion.

IV. **CONCLUSION**

For the reasons above, the Court will grant the Motion. An appropriate order follows.

Date: February 20, 2024

                                                                s/ Zahid N. Quraishi
                                                              **ZAHID N. QURAISHI**
                                                              **UNITED STATES DISTRICT JUDGE**